UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-03625-GW-FFM | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Rellion, Inc. v. Orian, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO STATE COURT**

       On May 15, 2017, defendant Mordechai Orian ("Defendant"), *in pro per*, removed this unlawful detainer action to this Court from Los Angeles County Superior Court. Yun U Ru, Defendant's co-defendant, does not appear to have joined in the removal. Plaintiff Rellion, Inc. ("Plaintiff") has now moved to remand, by way of an *ex parte* application. Because subject matter jurisdiction is obviously lacking here, the Court will remand the matter to state court.

       Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's obligation to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court plainly lacks subject matter jurisdiction over this action.

       This is a state law unlawful detainer action. Defendant's references and citations to federal law in his Notice of Removal are in aid of what would constitute, if anything, affirmative defenses or counterclaims based on federal law. But a federal question must appear on the face of a plaintiff's complaint for an action to be removable to federal court based on federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). What may or may not appear on the face of the complaint in a separate state court action Defendant has instituted is similarly irrelevant. *See* Notice of Removal at 4:3-7, 4:13-18. The Complaint in this case raises no federal issues or questions.

       The Notice of Removal does not identify diversity jurisdiction as a basis for this Court's jurisdiction, but the *ex parte* application and Defendant's opposition brief suggest otherwise. In any event, that form of jurisdiction is not present here either. For one thing, the Complaint, on its caption

       : 

Initials of Preparer    JG

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-03625-GW-FFM | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Rellion, Inc. v. Orian, et al.* | | |

page, explains that less than $10,000 is in controversy, far below the necessary $75,001.00. Contrary to Defendant's contention in opposition, the amount-in-controversy in unlawful detainer actions is not the value of the property, but the daily damages (in the form of rental value) being accrued. *See, e.g.*, *21st Mortg. Corp. v. Jackson*, No. 2:16-cv-07439-CAS (AFMx), 2016 WL 7477536, *2 (C.D. Cal. Dec. 28, 2016).

Because subject matter jurisdiction is obviously lacking here, the Court has no need to address Plaintiff's argument – unsupported, so far as the Court can tell, by any evidence – that the removal was untimely because effected outside the 30-day window for removals. Finally, although Defendant complains about Plaintiff's compliance with procedural requirements for *ex parte* applications, the Court would have summarily remanded this action even with no request for *ex parte* relief. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

For the foregoing reasons, the action is remanded to the Superior Court of the State of California for the County of Los Angeles.

:

Initials of Preparer    JG